GRAVES et v. SYLVANIA VIL. SCHOOL DIST. (Bd. Ed.)

Ohio Appeals, 6th Dist., Lucas Co.

No. 1855. Decided April 4, 1927

159. BOARD OF EDUCATION—A certified copy of any portion of the report of an examination by the Bureau of Inspection and Supervision of Public Offices shall constitute prima facie evidence of the truth of allegations of the petition by which is sought to recover public moneys; based upon the report of the Bureau, under 286 GC. et seq.

First Publication of this Opinion

RICHARDS, J.

This action was instituted in the Lucas Common Pleas by the Board of Education of Sylvania Village School District on the relation of the Attorney General to recover certain money, claimed to be public money which was due the Board but which had not been collected. Defendants were Graves, Blanchett & Thornburg as partners and the Opeika Savings Bank Co. The demurrer of the Bank was sustained and the trial proceeded against the other defendants. Upon consideration by the court, a judgment was rendered in favor of the Board for $6,694.86.

It seems that the Board passed a resolution for the issuance of $150,000 worth of 5½% school district bonds for building purposes; and the bid of defendants was accepted by the terms of which accrued interest to date of delivery.

Instead of making payment for the bonds in accordance with the bid, defendants arranged with the Opeika Bank, by which arrangement the Board undertook to accept certificates of deposit of that bank drawing 2% interest, the bank promising to pay and additional 3% to the defendants during the time these certificates were outstanding. One of these certificates was for $100,000, and recited that it had no negotiable or commercial value, that 2% interest will be paid if the deposit remained undisturbed for six months, but shall draw no interest after six months.

The action under 286 GC. et seq. which sections relate to the Bureau of Inspection of Public Offices. The amended petition of the Board alleged that the Bureau of Inspection filed with the Attorney General a report; and so much of the report of the examination as relates to the claim against the defendants, is set out in the petition.

Error was prosecuted and it was claimed that the amended petition does not set forth a cause of action, that the court erred in admitting evidence and that the judgment is against the weight of the evidence.

1. There is no reasos why the amended petition is not a good and sufficient pleading within the provisions of Sec. 286-1 GC. under which it was drawn, and which statute has been held constitutional. State ex v. Maharry, 97 OS. 272.

2. In that case, the Supreme Court held that the statute was comprehensive enough to justify actions not only against public officers but against private persons. The statute authorizes, among other things, the recovery of public money which is due and has not been collected, and any public property which has been misappropriated. Therefore, the averments of the amended petition coupled with the report of the examination, state a case within this portion of the statute.

3. The Board was obligated to pay interest on the bonds from their date. The fact that the Board accepted certificates from the Bank is not important except to show that the Board received 2% inerest while the bonds issued were drawing 5½%.

4. Clearly the defendants would be liable to the Board for 5½% less the 2% which it received from the Bank; and under no method of computation could the amount be less than the amount adjudged in the lower court.

5. It is urged that much of the report of the Bureau of Inspection consists of incompetent and immaterial evidence. The statute provides however, that a certified copy of any portion of the report shall constitute prima facie evidence of the truth of the allegations of the petition. Certainly the result of the examination was competent and the report shows that the conclusion reached was a finding that the balance due from defendants due to the School District was a sum of money due and uncollected in excess of the amount of the judgment.

Judgment affirmed.

(Williams & Lloyd, JJ., concur.)

Attorneys—Brown, Hahn & Sanger and Sholto M. Douglas, Toledo, for Graves et; E. C. Turner, Columbus, Geo. W. Ritter and Gerald Branigin, Toledo, for Board.